### LEVIN v. STANDARD FASHION CO.

*(City Court of New York, General Term.   April 24, 1891.)*

MASTER AND SERVANT—COMPENSATION—DISMISSAL.

> In an action for damages for plaintiff's dismissal from the employment of defendant company under an agreement in writing that she was to render services to the satisfaction of the company, there was no evidence of dissatisfaction on the part of the company or of its president, by whom plaintiff testified she was dismissed; and he testified that he did not dismiss her, but said to her that he wanted her, and that he afterwards wrote to her offering to re-employ her for similar services. *Held*, that a judgment for plaintiff should not be reversed on the ground that the company had a right to dismiss her, as being the sole judge whether her services had been rendered to its satisfaction.

Appeal from trial term.

Action by Elizabeth M. Levin against the Standard Fashion Company. Defendant appeals from a judgment for plaintiff entered on the verdict of a jury.   See former reports, 4 N. Y. Supp. 867, and 11 N. Y. Supp. 706.

Argued before VAN WYCK and NEWBURGHER, JJ.

*William B. Ellison,* for appellant. *Theo. N. Melvin,* for respondent.

VAN WYCK, J. Miss Levin, the plaintiff, entered the employment of the defendant company under a written agreement by which "she was to render services to the satisfaction" of the company as an editorial writer on its journal of fashion for one year at $25 per week for the first six months and $30 per week for the remainder of the term. The plaintiff brings this action, claiming that on March 9, 1887, Mr. Koewing, the president of the company, dismissed her, after treating her in the most brutal manner by shaking his fist in her face, and calling her a liar and a thief, in the presence of the other employes of the company. However, Mr. Koewing denied all of this, and testified that he did not dismiss her, and that he said to her, "I want you," but that she insisted upon resigning, and did so; and he further testified that he had subsequently written her a note, offering to re-employ her, but she refused such re-employment. All of these disputed questions were properly submitted to the jury, who returned a verdict of $515.16 in plaintiff's favor. There had been a previous trial of this case some time before, at which this plaintiff recovered $150.43, and from which both she and the defendant appealed to the general term, by which the judgment was affirmed, and again both continued their appeals to the court of common pleas, where a new trial was granted, and Judge PRYOR, in a carefully considered opinion, effectually disposed of every objection which is now made by the defendant, except, perhaps, the one considered in the first point of the brief of appellant's attorney, which is that by the contract Miss Levin "was to render services to the satisfaction" of the company; that the jury, having given her a verdict, has found that she was dismissed; and hence, that the company had done what it had a right to do, as it was the sole judge as to whether her services had been rendered to its satisfaction. There seems to be little or no force in this theory, for there does not appear anywhere in the case the slightest evidence or even intimation that either the company or Mr. Koewing was in the least degree dissatisfied with her services; but, on the contrary, Mr. Koewing swears that he did not dismiss her, but that he said to her, "I want you," and that he did actually write her afterwards, offering to re-employ her to render similar services. All the other points made by appellant have been passed upon at general term of court of common pleas in this very case, which is fully reported in 11 N. Y. Supp. 706. The judgment should be affirmed, with costs.